UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL SMITH,

                            Petitioner,                    Case Number 2:11-cv-12636
                                                              Honorable Victoria A. Roberts

v.

GREG MCQUIGGAN,

                            Respondent.
_____/

OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 18]

Petitioner, Nathaniel Smith, a state prisoner, filed this case under 28 U.S.C. § 2254. On July 11, 2013, the Court denied the petition. That same day, Petitioner filed a motion to amend the petition to change the Respondent to warden at his new correctional facility. The Court denied the motion because the petition had already been denied.

Petitioner has filed a document titled "Objection to Order" which the Court construes as a motion for reconsideration. He asserts that the Respondent's name must be changed because he is now at a different facility. This is the same argument he presented in his prior motion.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In the present case, the arguments raised by Petitioner in his motion for reconsideration were

already raised, either explicitly or by reasonable implication, in Petitioner's motion to amend the petition and denied by the Court in its opinion denying that motion. Because Petitioner is merely presenting issues which were already ruled upon by the court, either expressly or by reasonable implication, when the court denied his motion to amend, the motion for reconsideration will be denied. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999). In any event, Petitioner's failure to name the proper Respondent does not provide him any basis for relief; the defect was one for Respondent to raise, if he wished. Respondent's failure to object waived any error. See *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004)(Kennedy, J., concurring joined by O'Connor, J.).

      SO ORDERED.


                                  S/Victoria A. Roberts
                                  Honorable Victoria A. Roberts
                                  United States District Judge

Dated: 9/5/2013